S. LANE TUCKER
United States Attorney

JACQUELYN A. TRAINI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Email: Jackie.Traini@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL WAYNE HANZUK, II,<br><br>    Defendant. | Case No. 3:23-cv- |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff United States of America, through its attorneys, alleges as follows:

**I. JURISDICTION AND VENUE**

1. This is an action for damages and civil penalties arising from false claims presented or caused to be presented by Defendant, Michael Wayne Hanzuk, II, to the United States of America, in violation of the federal False Claims Act, 31 U.S.C. §§ 3729-33 ("the

FCA"). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 and 31 U.S.C. § 3730(a). This Court has personal jurisdiction over Defendant pursuant to 31 U.S.C. § 3732(a) because Defendant resides in or transacts business in this District and the acts proscribed by 31 U.S.C. § 3729 occurred in this District.

2. Venue is proper in this District under 31 U.S.C. § 3732 and 28 U.S.C. § 1391(b) because Defendant resides in this District, and the acts proscribed by 31 U.S.C. § 3729 occurred in this District.

## II. PARTIES

3. Plaintiff is the United States, suing on behalf of the United States Small Business Administration (SBA).

4. Defendant Hanzuk is a resident of Anchorage, Alaska, and an owner of Arm Rippin Toys, Inc. (ART).

## III. FCA VIOLATIONS

5. Defendant violated the FCA by conspiring to fraudulently obtain, and by fraudulently obtaining, an Economic Injury Disaster Loan (EIDL) through false certifications to the SBA.

6. Under SBA rules, any business "engaged in any illegal activity" is not eligible for an EIDL. 13 C.F.R. § 123.301 (excluding from eligibility any business that fit in any of the categories in 13 C.F.R. § 123.201); & 13 C.F.R. § 123.201(d) ("You are not eligible if your business is engaged in any illegal activity.").

7. The EIDL application requires a certification that the "Applicant is not engaged in any illegal activity (as defined by Federal guidelines)."

8. On March 30, 2020, Defendant Hanzuk submitted Application #3600075557 to SBA on behalf of ART for an EIDL in the amount of $106,000.

9. Mr. Hanzuk stated in the application that he was a 45 percent owner of ART.

10. Mr. Hanzuk certified in the application, under penalty of perjury, that the applicant "is not engaged in any illegal activity."

11. Mr. Hanzuk further acknowledged that "any false statement or misrepresentation to SBA may result in … treble damages and civil penalties under the False Claims Act, 31 U.S.C. § 3729."

12. On June 1, 2020, SBA disbursed an EIDL in the amount of $106,000 to ART, which was in addition to an EIDL advance in the amount of $2,000, for a total disbursement of $108,000 (SBA Loan #6384427803).

13. Beginning in June 2021, and through August 31, 2023, the SBA attempted post-compliance efforts by contacting Mr. Hanzuk without success or return communication. The EIDL is currently outstanding with an initial interest deferment date of June 1, 2022, and subsequent deferment through December 1, 2022.

14. On April 5, 2022, Defendant Hanzuk signed a plea agreement in the matter of *United States v. Hanzuk*, No. 3:22-cr-00009-SLG-KFR, in which Mr. Hanzuk admitted the truth of the following statements:

> Arm Rippin Toys, Inc. (ART) was an Alaska corporation formed with the Alaska Secretary of State in March 2018. The company, founded and owned by Defendant Michael Wayne Hanzuk, II (Hanzuk), operated a vehicle repair shop in Anchorage, Alaska, specializing in diesel trucks. When two additional owners were brought into the corporation in 2019 and 2020, respectively, the responsibilities of the business operation were split between the three. Hanzuk was mainly

*U.S. v. Michael Wayne Hanzuk, II*     3
Case No. 3:23-cv-
Case 3:23-cv-00240-SLG   Document 1   Filed 10/20/23   Page 3 of 9

responsible for online sales and marketing, including sales from the ART website and social media, advertising on social media, as well as other sales and marketing sources. The items sold included equipment and devices used to defeat and remove and replace air pollution control equipment on diesel vehicles; the marketing was aimed at diesel vehicle owners and often contained photos and references to tuning vehicles, as explained in further detail below.

Starting in at least July 2019, Hanzuk along with the other owners and employees of ART entered an agreement to engage in "tuning and deleting" of customers' diesel vehicles. This process involved the removal of emissions control systems designed to reduce pollutants being emitted from the vehicles. Under normal operating conditions, an on-board diagnostic system[1] (OBD) will detect any removal and/or malfunction of a vehicle's emissions control equipment. Upon detection of removal and/or malfunction, a diagnostic trouble code will be recorded and the malfunction indicator light, also known as the "check engine" light, will be illuminated on the dashboard of the vehicle. Under certain circumstances, if the malfunction is not remedied, the vehicle will be forced into "limp mode," where the maximum speed is limited to five miles per hour, incentivizing the vehicle owner to repair the issue. Thus, when the emissions control systems were removed or "deleted" from customer vehicles at ART, Hanzuk and others also modified or "tuned" the vehicles' OBDs so that it could no longer detect the removal of the control equipment.

By modifying OBDs on vehicles, Hanzuk, along with other owners and employees of ART, falsified, tampered with, and rendered inaccurate the vehicles' monitoring devices so that the modified vehicles could continue to function despite the removal or deletion of emissions control equipment. These activities were done in violation of the Clean Air Act, Title 42, United States Code, Section 7413(c)(2)(C).

Between approximately July 2019 and September 2020, Hanzuk and others at ART, or at the direction of ART, conspired to and did tune and delete at least 37 diesel vehicles for its customers in violation of the Clean Air Act. Depending on the vehicle, the replacement parts for the emissions controls and the type of tunes requested for the vehicle, ART charged its customers between $1,140 and $5,445 for the parts and labor to remove emissions control systems and render

---

[1] The OBD is a monitoring device that is required under the Clean Air Act.

inaccurate the vehicles' OBDs. In total, ART collected approximately $100,000 for performing unlawful deletes and tunes on diesel vehicles between about July 2019 and about September 2020.

15. On August 31, 2022, Defendant Hanzuk was convicted of Conspiracy to Violate the Clean Air Act in violation of 18 U.S.C. § 371, in case 3:22-cr-00009-SLG-KFR.

16. On March 30, 2020, Defendant Hanzuk falsely certified in the EIDL application that he and ART were not engaged in "any illegal activity" when, in fact, at that time Defendant was engaged in the above-described Conspiracy to Violate the Clean Air Act on behalf of ART.

17. That false statement was material to SBA's decision to approve the EIDL in that SBA would not have approved the EIDL if it had known that Mr. Hanzuk was engaged in the above-described illegal activity.

### IV. FIRST CLAIM FOR RELIEF

**False Claims Act—Presenting False or Fraudulent Claims to the United States, 31 U.S.C. § 3729(a)(1)(A)**

18. Plaintiff incorporates the allegations contained in paragraphs 1 through 17 above.

19. Defendant Hanzuk presented to the United States for payment or approval the false or fraudulent claims described in paragraphs 3-17 above, with knowledge they were false, and/or with deliberate ignorance of their truth or falsity, and/or with reckless disregard for their truth or falsity.

20. Plaintiff United States has sustained damages as a result of Defendant Hanzuk's false or fraudulent claims in an amount to be determined at trial.

## V. SECOND CLAIM FOR RELIEF

**False Claims Act—Causing to Be Presented False or Fraudulent Claims to the United States, 31 U.S.C. § 3729(a)(1)(B)**

21. Plaintiff incorporates the allegations contained in paragraphs 1 through 20 above.

22. Defendant Hanzuk knowingly made, used, or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved by the United States, and knowingly made, used, or cause to be made or used, false records or statements material to false or fraudulent claims to the United States.

23. Plaintiff United States has sustained damages as a result of Defendant Hanzuk's false or fraudulent claims in an amount to be determined at trial.

## VI. THIRD CLAIM FOR RELIEF

**False Claims Act—Conspiring to Defraud the United States, 31 U.S.C. § 3729(a)(1)(C)**

24. Plaintiff incorporates the allegations contained in paragraphs 1 through 23 above.

25. Defendant Hanzuk conspired with others to defraud the United States by getting the false or fraudulent claims described in paragraph 16 above allowed or paid.

26. Plaintiff United States has sustained damages as a result of the conspiracy described in paragraphs 3 to 17 above in an amount to be determined at trial.

## VII. FOURTH CLAIM FOR RELIEF

**Fraudulent Misrepresentation**

27. Plaintiff incorporates the allegations contained in paragraphs 1 through 26 above.

28. Defendant Hanzuk made the false material representations to Plaintiff described in

paragraphs 3 to 17 above with knowledge of their falsity and with intent to defraud Plaintiff. Hanzuk intended that Plaintiff act in reliance upon these false representations.

29. Plaintiff justifiably relied upon Hanzuk's false representations and was unaware of the true facts.

30. As a result of Hanzuk's conduct, Plaintiff has sustained damages in an amount to be determined at trial.

## VIII. FIFTH CLAIM FOR RELIEF

### Negligent Misrepresentation

31. Plaintiff incorporates the allegations contained in paragraphs 1 through 30 above.

32. Defendant Hanzuk negligently and without due care made the false material representations to Plaintiff described in paragraphs 3 to 17 above and intended that Plaintiff act in reliance upon these false representations.

33. Plaintiff justifiably relied upon Hanzuk's false representations and was unaware of the true facts.

34. As a result of Hanzuk's conduct, Plaintiff has sustained damages in an amount to be determined at trial.

## IX. SIXTH CLAIM FOR RELIEF

### Unjust Enrichment

35. Plaintiff incorporates the allegations contained in paragraphs 1 through 34 above.

36. Defendant Hanzuk has been unjustly enriched by the profits described in paragraphs 3 to 17 above to which it was not entitled, and by its receipt and retention of such profits. In equity and good conscience, Hanzuk should not retain those profits.

37. As a result of Hanzuk's conduct, Plaintiff has sustained damages in an amount to be determined at trial.

## X. PRAYER

WHEREFORE, Plaintiff United States prays for judgment against defendants as follows:

A. On the First Claim for Relief, treble the amount of actual damages sustained by the United States, plus such civil penalties as are allowable by law against Defendant Hanzuk;

B. On the Second Claim for Relief, treble the amount of actual damages sustained by the United States, plus such civil penalties as are allowable by law against Defendant Hanzuk;

C. On the Third Claim for Relief, treble the amount of actual damages sustained by the United States, plus such civil penalties as are allowable by law against Defendant Hanzuk;

D. On the Fourth Claim for Relief, the amount of Plaintiff's damages resulting from Hanzuk's intentional misrepresentations, plus interest thereon at the legal rate, plus such punitive damages as are allowable by law against Defendant Hanzuk;

E. On the Fifth Claim for Relief, the amount of Plaintiff's damages resulting from Hanzuk's negligent misrepresentations, plus interest thereon at the legal rate, plus such punitive damages as are allowable by law against Defendant Hanzuk;

F. On the Sixth Claim for Relief, the amount by which Hanzuk was unjustly enriched, plus interest thereon at the legal rate, plus such punitive damages as are allowable by law against Defendant.

G. All other relief this Court deems just and proper, including post-judgment interest and costs and fees of this action.

RESPECTFULLY SUBMITTED on October 20, 2023, in Anchorage, Alaska.

    S. LANE TUCKER
    United States Attorney

    s/ Jacquelyn A. Traini
    Assistant U.S. Attorney
    Attorney for the Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff United States of America hereby demands a trial by jury.

DATED: October 20, 2023.

    S. LANE TUCKER
    United States Attorney

    s/ Jacquelyn A. Traini
    Assistant U.S. Attorney
    Attorney for the Plaintiff